THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LOUIS GALLO and Others, Appellants.

Second Department, October 21, 1932.

* *People* v. *Dolce*, revd., 261 N. Y. 108.

*Louis J. Barrish*, for the appellant Dolce.

*Benjamin Schifter*, for the appellants Louis Gallo and William Russo.

*Henry J. Walsh, Assistant District Attorney* [*William F. X. Geoghan, District Attorney*, with him on the brief], for the respondents.

PER CURIAM. We are unanimously of the opinion that the appellants Gallo and Russo were properly found guilty of the crime charged. As to the appellant Dolce, the majority of the court are of the opinion that he was a co-conspirator in the purpose to commit the robbery, and that his guilt was established by sufficient evidence. Dolce picked up his codefendants in a restaurant which we know to be several miles distant from the place where they were apprehended, and took them in his automobile, upon his claim, made upon the trial, that Gallo and Russo asked him " to ride them down to look for a job," and that Gallo told him he wanted to find a chauffeur's job in a laundry. The place where the police officer accosted them, which was in close proximity to the store intended to be robbed, had no laundry in that vicinity, but Dolce stated that he stopped there to purchase cigarettes. Both Russo and Gallo had been convicted of crime and were out on parole, and Dolce knew that Gallo had been imprisoned for crime. A police officer, upon coming to the automobile, inquired of the defendants what they were doing there, to which Russo answered, " I am waiting for my grandmother." Dolce did not refute this, and must have known that Russo's statement was not in accord with Russo's request previously made to be taken on this ride and must also have known that Russo's statement was intended to allay the officer's suspicions. Upon search by the officer there was found upon Russo a revolver and three lengths of heavy twine, Gallo having also upon his person three similar lengths of twine. At the station house Russo was interrogated in the presence of Dolce and Gallo. The officer testified: " Russo, I asked him, I said, ' What were you doing there? ' He said, ' We all met up in the coffee pot under Dolce's father's pool room we got in the car, and we drove to this place, the corner here.' I said, ' What were you going to do? ' He said, ' Well, we were broke, we needed a little money, we were going to take a chance.' I said, ' What were you going to do? Hold up Roulston's? ' He said, ' Yes.' I said, ' What were you going to do with the rope? ' He said, ' That was to tie him up with.' I questioned— then I questioned Gallo. Gallo had nothing to say. Q. Gallo said nothing? A. Nothing. He had nothing to say; and then I questioned Dolce. Dolce said, ' I drove them down there, that's all I did.' He said, ' I met them down there and drove them down to the place where it happened.'

I then went further into the conversation, and I said to Gallo, I said, ' You're a fine one, giving the gun to Russo.' I said, ' Putting it — He has got seven years' back time, you have to give him the gun, you are doubling up his sentence.' He had nothing to say. Q. He said nothing. A. Then Dolce spoke up and said, ' Well, I got no record. Why don't you give me the gun? ' I asked them what they were doing in the neighborhood, they said they didn't live there and they had no business there. By Justice RAYFIEL: Q. Who made the statement to you, which one of the three defendants? A. Russo. Q. With regard to the intended hold up, as you testified? A. Russo. Q. What, if anything, did the other defendants say to that? Did they deny the statement made by him or confirm it or what? A. They didn't deny. Russo said, ' Why the hell don't you tell the truth? You know what they were there for.' So they said they had nothing to say."

It is urged that Russo's confession was after the arrest and was inadmissible against his codefendants. We think the evidence was competent against all three and may as a question of fact have called for a reply from the two others accused. Their silence regarding their purpose near the store and the use of the rope, and the failure to respond when Russo said, " You know what they were there for," might have been deemed an admission of the truth of Russo's statement by the triers of fact; and such seems to have been the ruling in *Kelley* v. *People of State of New York* (55 N. Y. 565, 572–575), followed by this court in *People* v. *Cascia* (191 App. Div. 376, 379, 380). While the declaration of Russo, standing alone, might not have been sufficient to inculpate the other two, Gallo was found with the heavy twine of the same character as that in the possession of Russo, so that his denial of its possession was found to be false, while Dolce, possessing the automobile, knew that Russo's statement of waiting for his grandmother was false and called upon him to demand of Russo why he did not tell him, when the ride was asked for, that that was his purpose. Nothing is shown in defense that Russo's grandmother, if she existed, was to be found anywhere in that vicinity. Moreover, Dolce's statement to the police officer before being taken to the station house, to the effect that he, Dolce, had " no record," and why not place him in possession of the gun, was a fair subject of consideration by the trial court as to Dolce's connection with the conspiracy.

The judgment of conviction should be affirmed.

LAZANSKY, P. J., KAPPER and DAVIS, JJ., concur; SCUDDER and TOMPKINS, JJ., concur in affirmance of the judgment as to Gallo and Russo but dissent as to defendant Dolce.

Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Brooklyn, affirmed.